IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Nanyamka Patrick<br><br>_____<br>Nanyamka Patrick<br>Plaintiff,<br><br>v.<br>JP Morgan Chase Bank<br>Defendant. | CASE NO. 10 B 54809<br>Judge Hon. Schmetterer<br>CHAPTER 13<br><br><br><br><br>ADV. NO. 11 AP 00374 |

**FINDINGS OF FACT** *AND CONCLUSIONS OF LAW*

*Findings of Fact*

**A.  The Parties**

1. The Plaintiff is Nanyamka Patrick ("Plaintiff").

2. The Defendant is JP Morgan Chase Bank ("Defendant").

**B.  Factual Background**

1. On or about December 10, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 427 W. 60th Street, Chicago, IL 60621.

3. That Lender Business Process Services holds a first mortgage lien on the real property commonly known as 427 W. 60th Street, Chicago, IL 60621, with a secured claim of $260,833.33 pursuant to the Plaintiff's recent mortgage statement. A proof of claim was not filed for the first mortgage lien at the time the instant adversary case was filed.

4. The Defendant holds a second mortgage lien on the real property known as 427 W. 60th Street, Chicago, IL 60621 in the approximate amount of $41,323.54 pursuant to the Plaintiff's recent mortgage statement.

5. That the Plaintiff obtained an appraisal of the property on November 15, 2010 indicating the value of 427 W. 60th Street, Chicago, IL 60621 as $150,000.00.

6. The first mortgage lien of Lender Business Process Services is a secured claim based on the mortgage recorded on April 18, 2007 as document number 0710811145 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of JP Morgan Chase Bank is a claim based on the mortgage recorded on April 18, 2007 as document number 0710811146 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $900.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. The Plaintiff's Chapter 13 Plan states at Section G paragraph 2, due to the lack of equity in Debtor's primary residence located at 427 W. 60th Street, Chicago, IL 60621 the second lien will be paid as an unsecured creditor. Defendant shall retail its junior lien on Debtor's real property, until the earlier of: a) the payment of the underlying debt under nonbankruptcy law; or b) discharge under Section 1325, at which time the lien shall be deemed released. The claim is wholly unsecured.

11. On February 3, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 427 W. 60th Street, Chicago, IL 60621.

12. That on February 3, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 270 Park Ave., New York, NY 10017, and upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

13. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

14. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

15. No evidence has been presented to challenge the appraised value of $150,000.00.

16. The secured claim of JP Morgan Chase Bank in the amount of $41,323.54 exhausts the value and equity in Plaintiff's residence.

17. There is no value and equity to support the claim of the Defendant.

## ~~PROPOSED~~ CONCLUSIONS OF LAW

**A.   Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.   Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Lender Business Process Services in the amount of $260,833.33 and the second JP Morgan Chase Bank claim in the amount of $41,323.54.

5. No proof of claim was filed for the first secured claim at the time this adversary case was filed. Pursuant to Plaintiff's recent mortgage statement, Lender Business Process Services holds a first lien on Plaintiff's property in the amount of $260,833.33. On March 17, 2011, Lender Business Process Services filed a secured proof of claim for the total amount of $264,129.36.

6. No proof of claim has been filed for the second secured lien on the Debtor's property. Pursuant to Plaintiff's recent mortgage statement, JP Morgan Chase Bank holds a second lien on Plaintiff's property in the amount of $41,323.54. The second claim of JP Morgan Chase Bank in the amount of $41,323.54 is second in priority.

7. That the value of Plaintiff's residence is $150,000.00.

8. As there is no value or equity to support the second priority lien of JP Morgan Chase Bank, the second JP Morgan Chase Bank claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Enter:

U S Bankruptcy Judge

APR 01 2011

April 1, 2011